UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YAN TAN; XIN TAN,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT; MARKWAYNE MULLIN,<br><br>Respondent. | Case No. 2:26-cv-04329<br><br>ORDER PROVISIONALLY GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. ORDER

Petitioners are mother and daughter, both natives and citizens of China, who are detained at the Northwest ICE Processing Center in Tacoma, Washington. Petitioner Xin Tan alleges that she was unlawfully re-detained after previously having been granted bond pending removal proceedings. Dkt. 1 at 4–5. Her mother, Petitioner Yan Tan, alleges that she was detained when she contacted ICE to inquire about her daughter, and that she is being held without an individualized custody determination despite requesting a bond hearing. Dkt. 1 at 3–4. In their motion for temporary restraining order and the supporting declaration of counsel, Petitioners contend that their commissary accounts at NWIPC have been disabled, suggesting they are about to be transferred. Dkt. 3 ¶ 7. They contend that transfer would cause irreparable harm by

interfering with their access to counsel for both their habeas petition and their underlying removal proceedings. *See* Dkt. 2 at 4.

The Petition raises serious questions regarding potential violations of the Due Process clause and 8 U.S.C. § 1226(a), and Petitioners have alleged irreparable harm resulting from imminent transfer.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). Accordingly, the Court ORDERS as follows:

1. Petitioners' motion for temporary restraining order (Dkt. 2) is provisionally GRANTED pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.
2. Respondents ARE PROHIBITED from transferring Petitioners Yan Tan and Xin Tan from this jurisdiction—i.e., the Western District of Washington—without further order. This order shall expire on November 21, 2026 unless modified by the judge assigned to the case.
3. Petitioners' counsel SHALL immediately serve process and a copy of this Order on Respondents. Petitioners' counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not transfer Petitioners to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.
5. After the Court's regular hours resume and the case is randomly assigned, the Parties SHALL contact the courtroom deputy of the assigned judge by email if they wish to schedule oral argument.

Dated this 7th day of November, 2026, at 1:10 AM.

Tiffany M. Cartwright
United States District Judge